UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07407-JLS-SK                                              Date: December 11, 2023
Title:  Solo Brands, LLC v. The Partnerships and Unincorporated Associations Identified In Schedule A

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION**

　　Plaintiff Solo Brands, LLC seeks default judgment for patent, trade dress, and trademark infringement against the owners and operators of online marketplaces on which knock-off versions of Solo Brands' goods are allegedly sold.  (MDJ, Doc. 28.)  In support of personal jurisdiction over Defendants, Plaintiff's complaint made two contentions.  First, it contended that Defendants sold infringing goods to California consumers and "target[ed] United States consumers."  (FAC, Doc. 13 ¶ 8.)  Second, it contended that Defendants "have or utilize a regular and established place of business" in California and provided what it believed to be the address for Defendants' place of business.  *Id.*  But in a declaration supporting Solo Brands' motion for default judgment, its General Counsel represented that the listed address had been "fabricated" by Defendants and that a Google Maps search "revealed that the address[] do[e]s not exist."  (Christensen Decl., Doc. 28-2 ¶ 8.)

　　"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter *and the parties*."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (emphasis added).  For a Court to exercise personal jurisdiction over an out-of-state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07407-JLS-SK                                      Date: December 11, 2023
Title:  Solo Brands, LLC v. The Partnerships and Unincorporated Associations Identified In Schedule A

defendant in a case sounding in tort, it must determine, among other things, that the defendant has "expressly aimed" its conduct toward the forum." *Briskin v. Shopify, Inc.*, No. 22-15815, 2023 WL 8225346, at *4 (9th Cir. Nov. 28, 2023) (state-law privacy and unfair-competition claims); *see also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (copyright and trademark infringement).  "Operation of an interactive website does not, by itself, establish express aiming." *Briskin*, 2023 WL 8225346, at *8.  Instead, "something more" is needed.  *Id.* at *9; *see also id.* at *10 (summarizing "through-lines" of express-aiming precedent).

     The Court cannot ascertain from the complaint or the motion for default judgment whether it has personal jurisdiction over Defendants.  Therefore, Plaintiff is ORDERED to submit supplemental briefing on the question of whether Defendants can exercise personal jurisdiction over Defendants under either (1) Federal Rule of Civil Procedure 4(k)(1)(A) based on Defendants' contacts with California; or (2) Federal Rule of Civil Procedure 4(k)(2) based on Defendants' contacts with the United States.  Plaintiff's response shall file a written response of not more than **five (5) pages**.  That response is due within **seven (7) days** from the issuance of this Order.

                                        Initials of Deputy Clerk: gga